UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GINA HOWDEN, | ) | CASE NO. C06-0252-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DONNA CAYER, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### INTRODUCTION

Petitioner Gina Howden is a Washington state prisoner who is currently serving a 63-month sentence for possession and manufacture of a controlled substance. She has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of her alternative sentence under Washington's "Drug Offender Sentence Alternative" program ("DOSA"). Respondent has filed an answer and petitioner has filed a reply. After considering the parties' submissions and the balance of the record, the court recommends that the petition be denied with prejudice.

### BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> Petitioner was convicted of possession of a controlled substance and

REPORT AND RECOMMENDATION
PAGE -1

manufacture of a controlled substance with intent to deliver. She entered a treatment program after receiving a DOSA sentence. A psychologist evaluated petitioner when she entered the program and found no mental illness. Petitioner was discharged from the program for repeated rule violations, which were later found to be unsubstantiated. No alternative program was available and [the Department of Corrections] offered Petitioner the opportunity to re-enter the program with a contract regarding behavior expectations. Petitioner refused this offer, and after a hearing, her DOSA sentence was revoked.

*In the Matter of the Personal Restraint of Gina Denice Howden*, Order of Dismissal, Case No. 56134-1-l (Wash. Ct. App., Sept. 16, 2005) (Dkt. #18, Ex. 10).

Petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals. (Dkt. #18, Ex. 7). The court dismissed the PRP. ( *Id*., Ex. 10). Petitioner filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Ex. 11). The court denied review. (*Id*., Ex. 13).

On February 6, 2006, petitioner submitted the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1, Attachment). Petitioner filed an amended petition on May 3, 2006. (Dkt. #7). After receiving an extension of time, respondent filed an answer, along with the state court record, on July 26, 2006. (Dkt. #16, #18). Petitioner filed a reply to the answer on October 16, 2006 (Dkt. #21), and the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner sets forth the following grounds for relief in her habeas petition:

1 .Due Process RCWA Washington Constitution Articles 1 & 3;

2. NON Compliance with procedure – RCWA 9.94A.634; and

3. RCWA 9.94A.737 Community Custody Violations

(Dkt. #7 at 6-9).

REPORT AND RECOMMENDATION
PAGE -2

## DISCUSSION

Respondent argues at the outset that petitioner's claims are not cognizable on habeas review because she failed to exhaust her remedies in state court, as required under 28 U.S.C. § 2254(b)(1). In particular, respondent contends that petitioner failed to raise any federal issues before the Washington Court of Appeals and that she raised federal due process claims for the first time in her motion for discretionary review with the Washington Supreme Court. Consequently, respondent maintains, the Washington Supreme Court was not obligated to consider the claims and the claims are unexhausted. (Dkt. #16 at 8, *citing Castille v. Peoples*, 489 U.S. 346 (1989)).

Although respondent may be correct in her assertion that the Washington Supreme Court *could* have denied petitioner's claims because they had not been raised before the Washington Court of Appeals, it appears that the high court instead chose to examine the merits of petitioner's claims and deny them on that basis. Specifically, in the "Ruling Denying Review," the Commissioner of the Washington Supreme Court succinctly disposed of petitioner's due process claims by stating: "Nor does Ms. Howden support her claim that she was deprived due process in the [DOSA] revocation proceedings." (Dkt. #18, Ex. 13). Thus, it appears that the Washington Supreme Court examined the merits of petitioner's due process claims, albeit briefly, and rejected them as lacking support. Such a consideration of the claims appears to satisfy the exhaustion requirement.

The court need not conclusively resolve the exhaustion question, however, because, as discussed below, the court finds that petitioner's claims here lack merit. A federal habeas court

/ / /

may deny a petition on the merits without first requiring exhaustion.[1] *See* 28 U.S.C. 2254(b)(2).

<u>Standard of Review Governing Habeas Petitions</u>

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)

In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth Circuit which had equated the term with the phrase "clear error." The Court explained:

---

[1] Although respondent's answer exclusively addresses the exhaustion issue and does not discuss the merits of petitioner's claims, the court may address the merits of the claims based upon a review of the petition and the state court record. *Cf.* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . .")

*These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous."* . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Rather, that application must be objectively unreasonable.*

538 U.S. at 68-69 (emphasis added; citations omitted).

Thus, the Supreme Court has directed lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state courts. A state court's decision may be overturned only if the application is "objectively unreasonable." 538 U.S. at 69.

<u>Standard of Review Governing Petitioner's Due Process Claims</u>

Petitioner's claims are based on alleged due process violations that occurred at the hearing in which her DOSA sentence was revoked. Minimal due process requirements for a similar type of hearing were set forth by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). In *Morrissey*, the Court held that the following due process rights attached to a hearing for parole revocation:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

408 U.S. at 489.

In proceedings before the state court, respondent conceded that petitioner, facing the

REPORT AND RECOMMENDATION
PAGE -5

possibility of revocation of her DOSA sentence, was entitled to the procedural safeguards established in *Morrissey*. (Dkt. #18, Ex. 8 at 9). Accordingly, the court will apply this standard here, where appropriate, to petitioner's claims of due process violations.

<u>Petitioner's First Ground for Relief</u>

In her habeas petition, petitioner does not set forth the facts supporting her first ground for relief. Rather, she appears to quote from a case regarding due process protections in sentence revocation cases. However, in the memorandum she attaches to her petition, under "Ground One," petitioner states: "The evidence in the [DOSA revocation] hearing was based on my refusing to re-enter the [treatment] program to fulfill my DOSA requirements. The reasons WHY I would not re-enter were discounted and passed over by all parties up to this point. The [Department of Corrections] was not made to prove that alternative treatment could not be found for me, they merely made the statement that they looked but never gave facts as to why I could not do my DOSA treatment elsewhere more appropriate for my needs." (Dkt. #5, Attachment at 7).

In terms of the procedural safeguards required under *Morrissey*, petitioner's allegations appear to implicate her right "to be heard in person and to present witnesses and documentary evidence," and possibly also her "right to confront and cross-examine adverse witnesses." 408 U.S. at 489. Petitioner's factual assertions, however, are belied by the record. In proceedings before the state court, the hearing officer who conducted the DOSA revocation hearing, Kimberly Miller, filed a declaration. (Dkt. #18, Ex. 6). In that declaration, Ms. Miller stated that she did not recall disallowing any of petitioner's witnesses, and that she in fact allowed one live witness to testify on petitioner's behalf. (*Id*. at 2). In addition, the written report that Ms. Miller issued

REPORT AND RECOMMENDATION
PAGE -6

after the hearing shows that petitioner attended the hearing and presented written statements from other inmates on her behalf. (*Id.*, Attachment A at 4).

Moreover, the written report of Ms. Miller establishes that before issuing her decision, she considered petitioner's reasons for not wanting to continue the treatment program and also weighed evidence that DOC staff had looked for an alternative program. Thus, it appears that the hearing comported with the procedural safeguards set forth in *Morrissey*. The state court decision upholding the DOSA revocation was consequently not "objectively unreasonable," and petitioner's first claim for relief should be denied.

<u>Petitioner's Second Ground for Relief</u>

Petitioner's second ground for relief is ambiguous. Based on her memorandum, it appears that either petitioner is arguing that the hearing officer did not apply the correct standard of proof – "preponderance of the evidence" – at the DOSA revocation hearing, or that the officer applied the correct standard but that her conclusion did not satisfy the standard.

Regardless of which interpretation the court ascribes to petitioner's argument, however, her claims are contradicted by the record. In her written report, Ms. Miller cited the evidence that was presented by both sides before concluding that "[b]ased upon a preponderance of the evidence it is clear to me that despite the other issues that Ms. Howden has at [the prison], the bottom line is that she refused to re-enter treatment as recommended and offered by the DOC." (Dkt. #18, Ex. 6, Attachment A at 6). These facts compelled Ms. Miller to conclude that she had "no choice but to revoke the DOSA sentences." (*Id.*)

Thus, the hearing officer applied the correct standard and relied upon an undisputed fact – that petitioner had voluntarily refused to re-enter the treatment program – in her decision.

Consequently, the state court decision upholding the DOSA revocation was not "objectively unreasonable," and petitioner's second claim for relief should be denied.[2]

Petitioner's Third Ground for Relief

In her third ground for relief, petitioner does not cite any federal due process protections nor allege any specific factual violations of such protections. Rather, petitioner appears to discuss a general principle that the Washington Legislature intended that the Department of Corrections apply procedural safeguards before revoking "community custody" sentences. Because she does not cite any specific violations cognizable on habeas review, petitioner's third claim for relief may be summarily denied.

CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be denied with prejudice. A proposed Order reflecting this recommendation is attached.

DATED this 6th day of November, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Petitioner appears to also argue that her history of mental health issues precluded her from functioning in the treatment program and that the hearing officer did not give adequate weight to this as an extenuating circumstance that mitigated petitioner's refusal to re-enter the treatment program. (Dkt. #5, Attachment 1 at 9-11). However, petitioner's mental health history was vigorously disputed in the state court proceedings and the state court found that petitioner "has not been diagnosed with any mental illness or disorder requiring treatment." (Dkt. #18, Ex. 10 at 2). This factual finding is presumed to be correct and can be disturbed, on habeas review, only if the petitioner presents "clear and convincing evidence" to the contrary. 28 U.S.C. §2254(e)(1). Petitioner has failed to produce such evidence.